## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

NATHAN ANDREW BRYANT,

        Plaintiff,


v.                           **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 07-4800 (MJD/SRN)


SECRETARY OF LABOR,

        Defendant.
_____

Nathan Andrew Bryant, pro se.

Lonnie F. Bryan, United States Attorney's Office, Counsel for Defendant.
_____


## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss for Lack

of Jurisdiction.  [Docket No. 5]  The Court heard oral argument on March 28,

2008.  The Court also heard motions to dismiss in two related cases filed by

Plaintiff at that time.

## II.    FACTUAL BACKGROUND

On December 10, 2007, Plaintiff Nathan Andrew Bryant filed a Complaint

against Defendant Secretary of Labor in this Court.  Bryant's Complaint states:

> This is a civil action for money damages brought by the plaintiff
> against the Secretary of Labor for having the power and authority to
> bestow upon the defendant his entitled unemployment for one year
> given to[] the plaintiff by the United States Army . . .

(Compl. ¶ 1.)  Bryant asserts that this action is brought under 26 U.S.C. § 3309,

the section of the Federal Unemployment Tax Act regarding state unemployment

insurance coverage for work performed for governmental entities or nonprofit

organizations; 42 U.S.C. § 1997, related to the civil rights of institutionalized

persons; and 42 U.S.C. § 1981, regarding claims for racial discrimination.  He

alleges that Defendant has the authority and responsibility "to supply

compensation to the State of Minnesota for the purpose of providing United

States Army veterans their unemployment compensation."  (Compl. ¶ 4.)  Bryant

asserts that he has been denied his right to unemployment benefits by "the State

of Minnesota."  (Compl. ¶¶ 6-9.)  He further asserts that the State cannot deny his

unemployment compensation because the Army held him in a pre-trial detention

facility.  (Id. ¶ 7.)

The Complaint alleges Count 1: "Federal Unemployment Tax: Title 26,

Subtitle C, Chapter 23 & 3309;" Count 2: "Pre-trial Detention Facility: Title 42,

Chapter 21, Subchapter I-A, 1997(iii);" Count 3: "Equal Rights Under the Law:

Title 42, Chapter 21, Subchapter I, 1981;" and Count 25: "Secretary of Labor,

Negligence."  All four counts allege denial of unemployment compensation by

"the State of Minnesota."  He then asserts that his "damages were directly and

proximately caused by the negligence, and or carelessness of the defendant:

Secretary of Labor."  (Id. ¶ 10.)

Bryant requests an aware of compensatory and special damages in an

amount in excess of $70,000.

Defendant brings this Motion to Dismiss based on lack of subject matter

jurisdiction due to sovereign immunity, failure to state a claim upon which relief

can be granted, and the existence of an alternative remedy in the Minnesota

Unemployment Insurance program.

## III.    DISCUSSION

### A.    Standard

Defendant asserts that this case should dismissed for lack of jurisdiction

under Federal Rule of Civil Procedure 12(b)(1).  Plaintiff bears the burden of

establishing the Court's subject matter jurisdiction.  Jones v. Gale, 470 F.3d 1261,

1265 (8th Cir. 2006).

3

> In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.

Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). In this case, Defendant mounts a facial challenge to jurisdiction.

> Sovereign immunity protects the United States from being sued unless Congress has expressly waived the government's immunity. A district court lacks jurisdiction to hear a case against the United States unless its sovereign immunity has been waived, and the court's jurisdiction is limited by the scope of the waiver. [A] waiver of the government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. Once consent has been expressly provided and its scope defined, however, the waiver of immunity is liberally construed within the parameters of the consent.

Kaffenberger v. United States, 314 F.3d 944, 950 (8th Cir. 2003) (citations omitted).

B.    **Analysis**

1.    **Introduction**

4

The Court lacks jurisdiction over Bryant's Complaint because Defendant does not grant or deny unemployment insurance benefits, and there is no waiver of sovereign immunity permitting Bryant to sue the Government based on the Minnesota Unemployment Insurance program's denial of benefits.

The Complaint complains of a denial of unemployment insurance benefits "by the State of Minnesota." However, Defendant is the United States Department of Labor ("DOL"). The DOL certifies that the Minnesota unemployment insurance program ("Minnesota UI program") complies with federal funding standards, but does not award or deny benefits to individual applicants, including ex-servicemen. The Minnesota UI program administrative system and the Minnesota state courts make these determinations. Thus, Bryant has sued the wrong defendant and no waiver of sovereign immunity exists for such a claim against the federal government.

## 2.    Unemployment Compensation System Statutory Framework

"Title IX of the Social Security Act of 1935 established the participatory federal unemployment compensation scheme. The statute authorizes the provision of federal funds to States having programs approved by the Secretary of Labor." N.Y. Telephone Co. v. N.Y. State Dept. of Labor, 440 U.S. 519, 536

(1979) (footnote omitted).  "In broad outline, the federal scheme imposes a tax on

employers which the States may mitigate (as all have done) by establishing their

own unemployment programs.  26 U.S.C. § 3301.  State programs qualified by the

Secretary of Labor are then eligible for federal funds.  42 U.S.C. §§ 501-503."  Id.

at 536 n.27.

> Title IX of the Social Security Act
>
> was created to provide a 'valuable first line of defense' against the
> problem of unemployment.  Specifically, Title IX established an
> extensive federal-state cooperative system under which state-based
> unemployment compensation programs now operate.  Under the
> framework of Title IX, while certain federal requirements must be
> met, each state is free to develop a compensation plan to fit the needs
> of its particular citizens.  As the Supreme Court noted in New York
> Telephone Co., '[t]he voluminous history of the Social Security Act
> ma[kes] it abundantly clear Congress intended the several States to
> have broad freedom in setting up the types of unemployment
> compensation that they wish.'   This freedom includes the State's
> right to establish eligibility criteria.

United Steelworkers of Am. AFL-CIO-CLC v. Johnson, 830 F.2d 924, 927 (8th Cir.

1987) (en banc) (citations omitted).

Among other things, federal law requires that state unemployment

compensation programs include "methods of administration . . .  reasonably

calculated to insure full payment of unemployment compensation when due"

and an "[o]pportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied."  42 U.S.C. § 503(a)(1), (a)(3).

**3.     State Role in Bryant's Entitlement to Unemployment Benefits**

If a state system is not complying with the federal requirement that the state include methods of administration "reasonably calculated to insure full payment of unemployment compensation when due," the proper defendant is the state agency.  See, e.g., Cal. Dept. of Human Res. Dev. v. Java, 402 U.S. 121, 135 (1971) (enjoining enforcement of California unemployment law as inconsistent with federal "when due" requirement where defendants were California Department of Human Resources Development and other state defendants).  See also Barr v. United States, 478 F.2d 1152, 1155 (10th Cir. 1973) (upholding dismissal of United States as defendant in complaint regarding denial of unemployment compensation because court could find no "basis for a claim upon which relief could be granted against the United States").  In this case, the proper defendant would be a state actor.  Cf. Horack v. Minott, Civ. A. No. 94-258-SLR, 1995 WL 330730, at *4 (D. Del. May 26, 1995) (unpublished) (holding

plaintiff alleging that she was improperly denied unemployment benefits and

that Secretary of Labor improperly certified state program did not have standing

to sue Secretary of Labor because the "the federal government played no role in

the decision . . . to deny unemployment compensation" and because the only

remedy the court could provide would be to prevent state from receiving federal

funding, which would not redress plaintiff's alleged injury - improper denial of

benefits).  Additionally, the Minnesota UI program provides for a hearing,

review, and appeal to the Minnesota Court of Appeals.  Minn. Stat. § 268.105.

Although Bryant is an ex-serviceman who was formerly a member of the

United State Army, Minnesota's UI program still applies to him.  5 U.S.C.

§§ 8521-25; 20 C.F.R. § 614.  However, the military's findings regarding discharge

are conclusive.  20 C.F.R. § 614.23.  See also Korby v. Air Force-UCX, No.

C2-93-2008, 1994 WL 121617, at *1-*2 (Minn. Ct. App. Apr. 12, 1994)

(unpublished) (holding that Minnesota UI program must give conclusive effect to

"narrative reasons stated on [claimant's] discharge certificate" unless procedural

irregularities exist).  The state can also request additional information from the

military.  20 C.F.R. § 614.24.

Bryant's allegations are directed to actions by the Minnesota UI program,

not the DOL.  The DOL merely certifies that the state unemployment

compensation law meets federal requirements.  The DOL is not involved in the

processing of claims or unemployment benefits, even when the application is an

ex-serviceman.  If there is an error related to Bryant's discharge, that is an issue to

be addressed by the appropriate Army Review Board, not this Court.  Moreover,

there is no proof that Bryant has exhausted his state administrative proceedings.

For these reasons, the Court concludes that it is without jurisdiction to address

Bryant's Complaint.

### C.      Federal Tort Claims Act

In his opposition, Bryant asserts that his claim is also brought under the

Federal Tort Claims Act ("FTCA").  The Court lacks jurisdiction to address any

possible FTCA claim.

The FTCA is a plaintiff's exclusive remedy for personal or property

damage "arising or resulting from the negligent or wrongful act or omission of

any employee of the Government while acting within the scope of his office or

employment."  28 U.S.C. § 2679(b)(1).  Under the FTCA, "[a] tort claim against

the United States shall be forever barred unless it is presented in writing to the

appropriate Federal agency within two years after such claim accrues."  28 U.S.C.

§ 2401(b).

Such an action shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Presentment of an administrative claim is jurisdictional. <u>Bellecourt v. United States</u>, 994 F.2d 427, 430 (8th Cir. 1993). The plaintiff has the burden of pleading and proving that he has satisfied the presentment requirement. <u>Id.</u> When these remedies have not been exhausted, the Court lacks subject matter jurisdiction, and the complaint must be dismissed.

In this case, there is no evidence that Bryant has met the jurisdictional presentment requirement of the FTCA. The Court lacks jurisdiction to address any FTCA claim against the Secretary of Labor.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 5] is

**GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**



Dated:   April 9, 2008                    s / Michael J. Davis_____
                                          Judge Michael J. Davis
                                          United States District Court